Hon. Richard P. Rossettie City Attorney, Corning
We acknowledge receipt of your letter stating that at the general election in November 1979 a tie vote resulted for the office of alderman of the first ward in the City of Corning and that the Common Council of the City of Corning is made up of one alderman from each of 10 wards and the Mayor who is the presiding officer but who is counted in determining the total membership of the Common Council but can cast a vote only when a tie vote has occurred. You point out that commencing on January 1, 1980 the office of alderman in the first ward will be vacant because of the tie vote and that consequently the Common Council will consist of ten members, the Mayor (who has no vote) and nine aldermen. The Charter of the City of Corning, § 14 provides in part: "* * * [T]he common council shall fill for a full term any office by appointment in case of a tie at such election. * * *" You state that it is possible the members of the Common Council will cast five votes for one individual to fill that vacancy and four votes for another individual to fill that vacancy and hence no majority vote of the Council will be cast for any one candidate, and, this not resulting in a tie vote, the Mayor cannot cast a deciding vote. You have asked for our opinion as to how the vacancy should be filled in this eventuality.
In our opinion, if the Common Council of the City of Corning does not cast six votes for any one individual to fill the vacancy in its memberhip caused by a tie vote at the general election, there is no provision in the City Charter to resolve the problem. However, that precise situation is contemplated in Public Officers Law, § 42, subd 5, which reads as follows:
 "5. Whenever the authority to fill any vacancy is vested in a board and such board is unable to fill such vacancy in an elective office by reason of a tie vote, or such board neglects to fill such vacancy for any other reason, the governor may, in his discretion, make proclamation of a special election to fill the vacancy."
If the Common Council fails to fill the vacancy the Governor should be notified immediately so that he may exercise his discretion as to whether or not to proclaim a special election to fill the vacancy.
We point out to you that in the event the Common Council is able to fill the vacancy by appointment the term can only run until December 31, 1980 because of the provisions of the New York State Constitution, Article XIII, § 3 and of Public Officers Law, § 38.